Okay, the next case is number 22-1212, Great Concepts, LLC v. Chutter, Inc. Okay, Ms. Degnan. May I please support Lauren Degnan for Great Concepts? The board's first error here is a legal one. It exceeded its statutory authority by canceling a registration based on fraud in a Section 15 declaration. The language of Section 14 is unambiguous. Congress's intent is clear. It is spoken to the precise issue at hand. And the text, the structure, and the legislative history all show us that under the Lanham Act, a registration cannot be canceled based on fraud or alleged fraud in obtaining the incontestable right to use the mark. It's focusing on the statutory language. Section 14 enumerates specific grounds, none of which include... So how about Duffy Mott? I mean, is that a problem for him? I mean, yes, it didn't address cancellation directly, but it says you can't rely on it for any purpose in the patent office. You can't rely on registration for any purpose in the patent office if there was fraud in the incontestability proceeding, right? So in Duffy Mott, you're correct that it took... First of all, it was an opposition proceeding, and the defense of unclean hands was pled, and based on that defense in the opposition proceedings, not a cancellation proceedings, the Board did determine that it could not be relied on, the registration could not be relied on in those proceedings. But as you noted, Your Honor, Duffy Mott did not specifically address this issue, and because it wasn't a cancellation proceedings, this is an issue of first impression for this Court. Under Duffy Mott, what's left of the trademark if it can't be enforced? So in Duffy Mott, it could not be used in connection with the proceeding before the patent office at that time. The registration was maintained and could have been used in litigation. And so the relief that was... So they're saying you could still... You're reading it as saying they could still use it to bring an infringement suit? I'm saying that the relief, yes, that was done there, was really focused to the proceeding before the patent office, and then up on appeal. But the registration was maintained, and I think it's important to note, nobody thought it could be canceled based under Section 14. That was not relief that was requested. That issue was left open, I acknowledge that, and this is the issue we'd like you to address today. So what is the remedy that's available for a Section 15 fraudulent declaration? Is it simply the loss of incontestability? That's exactly right, Judge Stork. So this incontestability right is something that's used in litigation. That is where it is used, and that is where Congress has said one can challenge fraud in obtaining the right of incontestability. Is there a mechanism within the patent office to eliminate the incontestability status, or could that only happen in litigation subsequent to the fraud? So the way I would answer that is that you only get... So first of all, the patent office doesn't evaluate it and grant incontestability status. You have to meet the elements of the statute, one of which is filing the declaration. You have to say you meet them. Right, and in district court, you actually have to have met them. That is the body that will evaluate whether incontestability status is warranted under the statute. Your question as to what could the patent office do should it accept a declaration without knowing it was false, and then later learn it was false. We don't know. We have not seen a regulation or proceedings by which it could revoke that acceptance, but it seems like it would have that authority should it be brought to its attention simply to revoke the acceptance. So if I understand your position, then it suggests if we were to adopt your view, one could file a false Section 15 declaration saying, for example, there's no proceedings pending when there really are. The patent office is not going to evaluate that. They're just going to accept it, and they're going to list your remark as incontestable, and the world's going to think it's incontestable unless and until you end up in litigation. Is that right, and doesn't that seem to open the door to fraud? So I think the answer to that question, Judge Stark, is that what the world thinks of whether the mark is incontestable is really immaterial until you're actually in litigation because there's no benefit until you're in litigation. And that is the form where Congress said one could challenge incontestability status of the mark. And so maybe Congress could have come up with a different scheme, but this is the one it came up with. It thought it was important to have the reasons for canceling a registration after five years to be cabined in, but still left open a procedure to address fraud in connection with obtaining incontestability status. And that mechanism is district court litigation. Well, doesn't the statute recognize that you can revoke the incontestability determination based on fraud? It does. That's absolutely right. Well, that would seem to suggest that the agency has the authority to do that. Well, no, I say the statute section is Section 33B, and that is being done in litigation. So that is not the authority. Section 33 doesn't give the agency the authority to revoke. It really gives the district court the authority to do that. And I should point out that the district court also is able to cancel registrations, but must also, is limited, by the way, to what the grounds are in Section 14. So Congress would not have given district courts the remedy to cancel the incontestability status if courts also had the remedy to revoke or cancel the registration entirely. And so this shows that Congress thought of the issue and determined that the appropriate remedy for fraud in connection with incontestability status is really just revoking that incontestability and reducing the evidentiary value of a registration in litigation. Does fraud, in your view, carry the same injury as, let's say, reckless disregard? I would say fraud has this intent to deceive element. And you said reckless disregard. I think that the rubric here is that reckless disregard is being used in order to prove sort of the intent to deceive. Whether they, in terms of the hierarchy of mens rea, it does seem like intent to deceive is a higher standard than reckless disregard, although we don't disagree that there's authority out there under the appropriate standard where one could prove intent to deceive or malice based on a reckless disregard for the truth. So it's sort of, I think fraud is higher, but certainly to prove the elements of fraud, there is authority. If that's the case, then why can't the board find that reckless disregard in this case or another case rises to the level of fraud and intent to deceive and cancel the registration? Two reasons. First, the statute, agencies act only within their statutory authority. And the statute, section 14, does not list fraud in connection with obtaining incontestability status as a reason for cancellation. So that stops it right there. Secondly, if we want to focus on this case, the findings, the facts the board accepted, do not rise to the level of reckless disregard. And to be more specific, the board accepted the fact that Mr. Taylor reviewed the declaration, but not closely enough to see the error. The board found he paid little or no attention. Do you concede that there could be an instance where reckless disregard rises to a level of fraud which would warrant the cancellation or registration? I do not concede that because canceling the registration cannot be done based on fraud in connection with an incontestability declaration. Okay, but that's your statutory argument. That's my statutory argument, so if we move past that. So if we want to move past that. Wait, wait, wait. I think the question was, assuming that the statute allows the cancellation of the registration, and the question is, what constitutes fraud and is reckless disregard the equivalent of fraud? So I think we would say in the abstract, divorced from the facts of our case and the findings the board made, under the proper test, which we would say is the subjective reckless disregard test, you could prove out a case. You could meet that higher threshold of a high degree of awareness of probable falsity. Someone made a deliberate decision, made conscious indifference to the truth of the matter asserted. There was something fishy, and they turned a blind eye. We're not saying that there's, you know, what we said, applying the appropriate test, you could meet the threshold in order to have, basically, the intent to deceive, the intent there. We're saying in this case, the facts in the record and as found by the board, raised to no higher than negligence or gross negligence. The board relied on a should-have-known standard. He said he should have read the declaration. But you're not asking us to re-weigh the decision of the board as to negligence or willful disregard or anything like it, are you? I mean, that's not our province. We can't make that decision or address that. But you seem to have conceded that, under certain circumstances, it is possible that reckless disregard can rise to the level of fraud, warranting the cancellation of registration. If that's your position, then that takes us back to an evidentiary question here, and we can't address that evidentiary question. So let me say two things. Again, we're under the rubric where the statutory construction is put aside. And here, we're still bound or deteriorated to the facts the board found. And the board only found he paid little or no attention to the declaration. He accepted that he had read it, but just not closely enough. And those findings are consistent with a momentary lapse in care. There's not more to pull it over beyond the realm of negligence or gross negligence under this court's case law. And so we're not asking you to refine the facts. We're asking you, under Tenery, to accept the facts as the board put them out, and the standard does not, and those facts do not rise to the level of reckless disregard, even under the objective standard, but certainly not under the subjective standard. Can I bring you back to the statutory point? I'm not sure that you clearly raised the argument below. I looked at the pages you cited. It sort of maybe suggested, if we don't think that you really fairly put this group in in front of the board, can we reach it, and how? Okay, well, I'm going to accept your premise that if you think that, I disagree. You can tell me your best page for it, and I'll be sure to look again. Let me do that first, then, Judge Stark. So I would say if we look at Appendix 1757, which I'm sure you have looked at, we are, in fact, endorsing Professor McCarthy's argument, which is the same argument we're making today. It does not necessarily provide grounds for cancellation. That's pretty wishy-washy. But then we also quote. We quote him. We're quoting the argument and making it our own. And then we go on. Again, we are in an environment, in our view, that is ultra-virus. And then we go on to explain why even the logic of Crown rule-covering would be insufficient. So we think we've made it. If we didn't buy that, can we still reach the issue? I think you can, because always, waiver of forfeiture is a discretionary issue. This is a question of law. It's of exceeding importance to the public, especially because, as I said, agencies are creatures of statute. And this agency has been acting ultra-virus for many, many years, engaging in these sort of cancellations based on fraud in connection with an incontestability, obtaining incontestability status, which is completely outside of the statute. It's an extra-statutory ground. And so we think you absolutely have the authority to address it. I am well into my rebuttal time. Do you have more questions? Okay. Thank you. Mr. Barber? Barber? Go ahead. Good morning, Your Honors. Thank you. Cruise favor on behalf of Cheddar. Your Honors, I'd like to begin with just a few quick points. First, the facts of this case, we believe, are both extraordinary and egregious. A lawyer, subject to the USPTO rules that he is certified... Okay, but how about addressing the statutory issue? Absolutely, Your Honor. I'd be delighted to. The statutory issue is one that, based on Duffy Mott and Crown, and then in the Ninth Circuit decision in Roby, and we have a recent Eighth Circuit decision in B&B Hardware v. Hargis, the courts have accepted the view that obtaining registration under the meaning of Section 14 includes more than just getting a registration in the first instance. We know from Bose and Torres in this court, it includes renewals for another 10-year term. There are cases that have held you commit fraud in a Section 8 declaration to continue the registration for its full 10-year term. That's actionable as a fraud before the trademark office. And in this case, what we have is one declaration under both Section 8 and 15. What the statute contemplates is if you commit fraud in obtaining the benefits of the statute, you are subject to having your registration canceled. Well, the trouble is that's not the language of the statute. It doesn't say benefits of the statute. It says registration. Yes, Your Honor. And counsel makes the argument based on Section 33b1, which is the incontestability in court provision, where it specifically references incontestability. That's a different provision for a different circumstance entirely. Counsel made the argument a few minutes ago that, well, it doesn't matter whether you've made a claim of incontestability until there's litigation. That is absolutely not the case. Once you file a declaration of incontestability, the PTO adds it to the public database for the mark. People searching and assessing marks and assessing risk see that the trademark owner has filed a Section 15 declaration and claims it's incontestable. But deal with the language of the statute. It says registration was obtained fraudulently. So if you've got the incontestability certificate or whatever it is, how does that fit in the language regarding the registration? It fits the same way that a renewal does, Your Honor. Well, a renewal affects the registration, right? There's no lack of direct connection there. I'm sorry, Your Honor? There's no lack of direct connection if you're talking about a renewal that's related to the registration. But a renewal is not obtaining the registration. You simply continue it for another 10 years. It's the same registration that you had before. You make a very simple filing, very similar to a Section 8 filing, and you get another 10 years tacked on to the term. It's not a new registration. It is not obtaining a new registration. It's simply continuing the one you have in effect and getting additional benefits for it, just like a Section 15 gives you additional benefits for that registration. And the Board, in its cases, and in the decision below, it accurately told us, what are those benefits that you get from that Section 15? You get the right to claim it's incontestable in litigation. You get the PTO acknowledging that you filed it. And importantly, you get the notice on the public website that this trademark owner claims its mark is incontestable. So we know that the language of Section 14 is not limited to obtaining the mark in the first place. We know that from Bowe's and Torres and all the cases about renewals and other subsequent filings. And any other rule, Your Honor, would make it a field day. Open, fair game. Once you've got that registration issued, there are renewals. There are Section 8 and 15 declarations. There are motions that you make to amend your registration and claim an earlier date of first use, for example, which can be extremely important. And that, according to the appellant, those will all be immune from a claim of fraud because it's not obtaining the registration. It's just making a change. They're not immune from a claim of fraud. They may be immune from losing your registration as a result of those frauds because Congress didn't set out a cancellation proceeding for them. If that's what the statute says, we have to follow it, right? If that is the meaning of the statute is it is only literally obtaining the registration, then yes, then the court would say any other fraud may or may not be actionable. But, for example, the example I just gave, a motion to amend the registration, post-registration issuance, that's not referenced in Section 33, so there would be no basis, no place you could ever raise that claim of fraud, according to gray concepts. You would be immune. Judge Stark, you asked the question earlier. If the law does not provide a remedy for this before the trademark office, which is the office charged with administering the trademark registration process, are you opening the door to claims of fraud? The answer would be absolutely. And on the fact issues here, allowing a lawyer to file a declaration and testify that he didn't know what it said, that is, as the board said, especially reckless. Well, he's subject to discipline, right? Why isn't that an adequate deterrent? Because, Your Honor, that does not adequately protect the registration system, okay? If we have a system... You're also taking away, at least in litigation, the incontestability certificate. Well, but then someone has to prove in court that there was the fraud, and you can have... And you should be able to go to the trademark office with it, Judge Dyke. The trademark office is who keeps the register. And if we want the register to be correct, and only truthful claims of incontestability to be made and posted on the publicly available data of the trademark office, we should be able to go back to the trademark office to do that. And there are situations... I think the difference in the language between the two statutory sections can be explained because... And the legislative history confirms this, I think. In litigation, you may need to challenge the incontestability status. But you don't care to, or you don't want to, or you don't need to, cancel the registration. Okay? You may want to make an argument in the litigation that is... Remember, incontestability in litigation is extremely powerful. It makes the mark. Conclusive evidence... Makes the registration, sorry. Conclusive evidence of the right to use the mark. Now, you may want to argue, no, no, no. I don't think that mark has secondary meaning. But you also want to argue, maybe I have secondary meaning first. And that sort of suggests that taking away incontestability is a significant sanction. It is in litigation, but it is not necessarily an either-or with cancellation, right? You can do one without the other, but the only place where you would need, as a practical matter, to do only incontestability is in litigation. So, what about these 8th and 9th Circuit cases that you rely on? The reasoning is not, shall we say, extensive in those cases. The reasoning in Roe v. is not extensive, but it was after Duffy Mott. It was after Crown. It endorsed those decisions. And I think the 8th Circuit's decision in the B&B Hardware case, which, actually, I don't think either party cited it in their briefs. It was the B&B Hardware case that went up to the Supreme Court and raised your Dakota effect of board decisions. But then it came back down. And one of the things that had happened in the interim was that they had filed an incontestability declaration. And at trial, the defendant, Hargis, wanted to prove that that declaration was fraudulent because the plaintiff was relying on it to claim changed circumstances. If you look at the 8th Circuit's decision, it says it is interpreting the statutory language regarding obtained fraudulently, not the separate language about the incontestability statute. So, that's the closest we have. There are two sister circuits that have said, yes, you can cancel a registration for fraud in Section 15. Your Honor, I'd like to move just very quickly to a couple of the briefs. Can I ask you, one of the arguments the other side makes is that the intent finding was subsumed by the board erroneously in this sort of reckless disregard finding. Where, in fact, does the board make a fact finding that when Mr. Taylor acted with reckless disregard, he did it with an intent to actually withdraw it from patent office? Your Honor, I think the closest from that is where the board says on page, well, 24, there it says, and I can get you the record site and the rest of the statement. And it's appendix, well, on 26. Appendix 26, correct. In the appendix. So, appendix 26. Therefore, we find that Attorney Taylor's conduct constitutes reckless disregard, which is the legal equivalent of finding that defending Greg Concepts had the specific intent to deceive. So, I read that as Greg Concepts is right. They subsumed it. They made no separate finding on intent. How do you read it? Your Honor, I think the court had just finished a long discussion about Mr. Taylor and his conduct. And on page 20, they found that Mr. Taylor, the attorney, was especially reckless. Okay? And the board also has a statement in its decision which says that they hold on the issue that the court left open in Bowes in 2009, is whether reckless disregard is sufficient as the intent element. The board made a holding that it was. So, are you agreeing, then, that the board treated reckless disregard as equivalent to a finding of specific intent to deceive? Yes, Your Honor, it did. And this was the... And you want us to hold as a matter of law that that's okay? That, yes, we think we should, on the question you reserved and put no two in Bowes in 2009, whether reckless disregard is sufficient to be a sufficient level of culpability for a fraud claim, we think you should answer that in the alternative and affirm the board. Thank you, Your Honor. Thank you. Ms. Walker? May it please the court. The board was correct both in its... Before we get into our... Why don't you answer the question that's been asked a couple of times. Is there a remedy before the PTO to revoke the testability determination if there was fraud in securing it? Yes, Your Honor. And it's found in the language that says obtained fraudulently. The registration right includes both the initial registration...   I was asking. I was... Forget about cancellation of the mark. Does the board, if there's fraud in the PTO, is there a remedy before the PTO if there's fraud with respect to the incontestability determination? Can the incontestability finding be revoked without reaching cancellation? There is no separate statutory basis on which the board could reach... Could reach a question of removing incontestability. Right? The way that the board reached that question here was under Section 14 of the Act, which is the provision for cancellation. We do address in our brief that the board has broad authority and latitude to set the remedy. Right? So that under Section 18 of the Act, the board can fashion a remedy. And the board cancelled the registration here under Section 14. But if this court were to say that the more appropriate remedy was to cancel the incontestability status, that is something that the court... that both the board and the court have authority to do under Section 18 of the statute. But all of that comes with... comes under Section 14 of the Act, which is 15 U.S.C. 1064. Okay. I think I understand what you're saying. Okay. Thank you, Your Honor. So the board here is correct both in its statutory interpretation addressing... reaching the question of whether there was fraud in the procurement of a Section 15 additional registration right. And also in its findings on fraud. And I want to address specifically what the board did with respect to fraud and respond to  arguments that great counsel... So how is it that the word registration covers incontestability? Is that because you're construing registration as including all benefits of registration? Yes, Your Honor. And that's consistent with what this court and its predecessor court did both in Duffiemont and in Torres. In Torres, this court said that it's not just the procurement of the original registration right but also the maintenance of the registration that falls within the statutory language in Section 14. That seems like an easier result than the one you're urging here. Well, Your Honor, I think it's consistent. It's certainly consistent with what the court did in Duffiemont. Now, I understand that the exact... Well, in Duffiemont, they didn't reach the cancellation question. That's correct, Your Honor. But the board and the court did more there than just say that they couldn't rely on the incontestable right either. The specific question that's before the court here was not before the court there. I will say, too, that I think that the reading of the statute to encompass all registration rights, all of those rights, is very consistent with the statutory language in Section 14. I recognize that the statutory language in Section 33 is different, but I do want to point the court to the fact that the legislative history somewhat curiously and I think pretty unusually says that those provisions in Section 33 should not give import to any other provisions of the Lanham Act, and Congress was very clear in that, and we cite that legislative history in our brief. So, really, what the court should be looking at here is Section 14 on its own, and this court has previously held that that language obtained the registration is something broader than just the original registration right, and here we're talking about additional registration rights that are conclusive evidence of the validity of that registration, which is a very important right, and I want to respond to something my friend said, which is that it doesn't matter, incontestability doesn't matter until you're in court, and I just don't think that's true. Incontestability matters because anybody is able to see the public record and to know that that registrant is relying on an incontestable right, and that certainly factors into what happens at that point. Does that prevent people from that see that there's an incontestability marking in the record? That prevents third parties from challenging the trademark? Yes, Your Honor. It means that it's conclusive evidence of the rights afforded under Section 7B of the statute. It's a shield of protection, then. It's really truly a shield of protection, and that very much restricts the defenses that are available in litigation. For example, no defendant could raise the defense that the mark was descriptive when it was first obtained. Those are the kinds of things that are no longer available, making the position of being a defendant defending against an incontestable registration a much more difficult proposition than might otherwise be the case. Could you address this subsuming argument? Did the Board make a separate finding on actual intent? So, Your Honor, the two sections of the Board's decision that I would point into are APPX 26, which we already looked at, and also APPX 20. Now, I will say that I don't think that it is legal error for the Board to have equated intent to deceive here with reckless disregard. That is the exact question that this Court left open. So, I don't know that I accept the premise that subsuming is a legal error, but I do want to just point the Court to the additional finding on page 20, which the Board said, in other words, Mr. Taylor paid little or no attention to the document he was signing under oath and thereby disregarded the significance of the benefits he was obtaining for his client. And so there... But can't you pay little, if any, attention to a document with two different states of mind? One, you're just completely, utterly careless, maybe you're busy, maybe you're a bad lawyer, and the other, you know there's something in there that you want to fool the Patent Office on, so you're just not going to look at it. Well... Are those different states of mind? I don't believe so in this context, Your Honor, for two reasons. One, this was a lawyer who was signing the document, and he also... There's also testimony and findings by the Board that he was unaware of the relevant law, right? That he could have either known the relevant law or just read the document before him. But suppose we had a different situation. Suppose the lawyer testified that he had thought that the relevant law didn't require this, and that he'd done a number of these 20 years ago and that his memory was that this wasn't the requirement, so he went ahead and signed it. That would seem to me to be reckless, but it also doesn't seem to approach having a bad intent. We don't have that testimony here. And I do think that starts to look more similar to the Bose situation, right? What Bose did was say that a should have known standard was not sufficient. And I want to be clear that the board did not apply a should have known standard here, right? And I also want to get back to a point. You seem to be agreeing that not all recklessness constitutes fraud. So I think what I would say to that is that the board relied on cases in which reckless disregard met a willful standard, right? That cases use different terms to mean different things and that in certain cases. And so what the board found  the facts satisfied the intent to see... Willful blindness? You think they found willful blindness here? The board did not make a specific willful blindness finding, but it did say that the type of reckless disregard that it was finding was willful, right? That it was relying on cases in which that was willful and that the willful standard meets the intent standard for fraud here. I just wanted to make one additional point, which is that if anyone can say they just didn't read the document, then the obligations that parties and attorneys have before the office become meaningless. The PTO must rely on the factual accuracy of the documents that they sign, and if a  doesn't get let off the hook, as you pointed out earlier, you can be sanctioned, and losing the incontestability status could be very significant. Well, that's true assuming that I'm not sure the basis on which you would lose the incontestability status, though, if this doesn't meet the standard of fraud, right? We have to assume that this would meet the standard of fraud in order for it. Well, let's say that there's just a misstatement test of facts. Instead of a lawyer who is involved in both of the cases, which is pretty important here, let's say it was an associate who signs the declaration, then perhaps that gives rise to something less than cancellation, and denial of incontestability. I think that the facts, the particular circumstances would matter, but we are not saying, nor did the board say, that a mere misstatement of facts, right? That an unknowing misstatement of facts would be sufficient, and that is not the theory on which the board found fraud in this case. Today I want to address this issue about obtaining a registration being something completely different than obtaining the incontestability status. Now, obtaining covers applying for the mark initially, maintaining the mark under Section 8, maintaining the registration under Section 8, and renewing the registration. Each of those acts, if you don't do them, the registration is removed from the register. So it's really the idea of obtaining it again, continuing to obtain it, so you don't do those things, it's gone forever. So I don't think this idea that you can read in obtaining the registration is so broad to capture obtaining the incontestability status. Moreover, Duffy Mott, unless it's overruled, does say that the issue of obtaining the registration under Section 14 to sweep in anything that touches a registration, especially when Congress knew the difference and was more specific in Section 33 with respect to broadening connection with incontestability and had a very limited grounds for cancellation in Section 14. So I wanted to address that. I also wanted to address this idea that the PTO does nothing to verify the accuracy of that and B, they can challenge that in court should the time or need ever arise. So I think we're completely overstating the idea that because the PTO accepts the declaration of face value has some sort of other effect outside of the context of actual litigation where Congress has told us a litigant can go after that incontestability status and there are severe consequences. The last thing I'll say because I'm really close to time is you hear that there's almost a per se rule. There's been no finding that Mr. Taylor made a deliberate decision to read that declaration not that closely. No deliberate decision to read that declaration. It's a per se rule and it will necessarily sweep in momentary lapses of care. Pure heart but empty head. And that is the status given the findings the board relied upon with little attention it's fundamentally putting aside the statutory construction it's fundamentally at odds with this court's law and  the  construction. Thank you.